UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| State of South Carolina, ) | C/A No. 2:24-cv-3991-BHH-MHC |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMMENDATION** |
| v. ) | |
| ) | |
| Keyshon Anthony Poinsette, Jr., *also known* ) | |
| *as Hadi Bey*, ) | |
| ) | |
| Defendant.. ) | |
| ) | |

Defendant Keyshon Anthony Poinsette, Jr., also known as Hadi Bey (Bey), filed a notice of removal as to a criminal action filed against him in the Charleston County Court of General Sessions. On September 17, 2024, Bey filed an amended notice of removal. ECF No. 6.[1] Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I.    BACKGROUND

In his Notice of Removal, Bey purports to remove a criminal case (case number 2024A1010203772) pending against him in the Charleston County Court of General Sessions. *See* ECF No. 1. With his notice of removal, Bey also filed a complaint form in which he appears to bring claims under 42 U.S.C. § 1983 (§ 1983). ECF No. 1-1. Although Bey purports to assert constitutional claims against the State of South Carolina, the Charleston County Police Department (CCPD), Sean C. McPherson (McPherson), and VE Roberts (Roberts),[2] the relief requested is for this Court to "remove the state claim into Article 3 Jurisdiction." *Id.* at 6. In his Amended Notice

---

[1] It is noted that "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3).
[2] CCPD, McPherson, and Roberts are not parties to the removed criminal actions.

of Removal, Bey states he is removing criminal case number 2024A1010203772 and criminal case number 2022A1010207174 from the Charleston County Circuit Court. ECF No. 6.

Records from Charleston County indicate there are pending criminal cases against Bey on charges of drugs/manufacturing or possession of other substance in Schedule I, II, or II or flunitrazepam or analogue, with intent to distribute – 1st offense (case number 2024A1010203772) and for weapons/possession of firearm or ammunition by person convicted of violent felony (case number 2022A1010207174). Bey filed notices of removal in the Charleston Court of General Sessions in both cases. *See* Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Oct. 7, 2024).[3]

## II.   DISCUSSION

It is recommended that Bey's removed criminal cases be remanded to the Charleston County Court of General Sessions because this Court lacks jurisdiction. "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Moreover, federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court. *See* 28 U.S.C. §§ 1441-1455; *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey*,

---

[3] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

29 F.3d at 151.

Here, Bey has not stated an applicable basis for removal. When a defendant in a state criminal case files a notice of removal in a United States District Court, that court "shall examine the notice promptly." 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* Such is the case here.

In the context of criminal prosecutions, this Court lacks subject matter jurisdiction, except in certain narrow circumstances pursuant to 28 U.S.C. §§ 1442 (Federal officers or agencies sued or prosecuted), 1442a (Members of armed forces sued or prosecuted), or 1443 (Civil rights cases). *See, e.g., South Carolina v. Tucker*, No. 3:17-1811-JFA-PJG, 2017 WL 3773137 (D.S.C. Aug. 11, 2017), *report and recommendation adopted*, 2017 WL 3730566 (D.S.C. Aug. 30, 2017); *Commonwealth of Virginia v. El*, No. 3:16cv128, 2016 WL 4507814, at *3 (E.D. Va. Aug. 26, 2016); *South Carolina v. Guidetti*, No. 6:11–3365–HMH–JDA, 2011 WL 6979991, at *2 (D.S.C. Dec. 20, 2011), *report and recommendation adopted*, 2012 WL 78793 (D.S.C. Jan. 10, 2012); *Iowa v. Johnson*, 976 F. Supp. 812, 816 (N.D. Iowa 1997) ("If this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443."). Bey's removal fails to qualify under any of these provisions, as discussed further below.[4]

To qualify for removal pursuant to § 1442, a removing party must establish that he is an officer of the United States or a person acting under an officer of the United States. 28 U.S.C.

---

[4] It also appears that Bey failed to satisfy all the procedural requirements for removal of criminal prosecution contained in 28 U.S.C. § 1455. He did not provide a short and plain statement of his grounds for removal and did not file all required copies of state court documents. Additionally, it appears that Bey is improperly attempting to remove case number 2022A1010207174 more than 30 days after the arraignment in the State court.

3

§ 1442; *see Bald Head Ass'n v. Curnin*, No. 7:09–CV173–F, 2010 WL 1904268, at *3–5 (E.D.N.C. May 10, 2010), *dismissed in part and aff'd in part*, No. 10–1655, 2011 WL 1936083 (4th Cir. May 20, 2011); *North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967) (observing that "purpose of [28 U.S.C. § 1442] is to take from the State courts the indefeasible power to hold an officer or agent of the United States criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the Federal sovereign"). Bey has not alleged that he is a federal officer or that he was in any way assisting a federal official in the performance of his duties such that he has not alleged any facts supporting removal under § 1442.

Removal under § 1442a requires a removing party to show, among other things, that he is a member of the armed forces of the United States. 28 U.S.C. § 1442a. Bey has not alleged that he is in the military. *See Florida v. Simanonok*, 850 F.2d 1429, 1430 n.1 (11th Cir. 1988) ("Clearly, the party seeking removal [under 28 U.S.C. § 1442a] must also be a member of the armed forces." (emphasis added)). Thus, Bey has not alleged any facts supporting removal under § 1442a.

Nor is this action removable under § 1443. The Supreme Court has stated that removal under 28 U.S.C. § 1443(2) "is available only to state officers;" *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824 n.22 (1966); and Bey has not alleged that he is a state officer. Additionally, Bey has not alleged any facts to support removal pursuant to § 1443(1), under which a removing party must first show that the "'right allegedly denied ... arises under a federal law providing for specific civil rights stated in terms of racial equality;'" *Lee–Bautista v. Bautista*, 633 F. App'x 148, 149 (4th Cir. 2016) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)); and "that the removal petitioner is 'denied or cannot enforce' the specified rights" in state court, *Johnson v. Mississippi*, 421 U.S. at 219 (citing *Georgia v. Rachel*, 384 U.S. 780, 803 (1966). Bey has not alleged that he has been denied his civil rights in terms of racial equality, and § 1443(1) does not serve to remedy "the violation of ... constitutional rights phrased in terms of general rights

4

applicable to all citizens." *Pennsylvania v. Brown–Bey*, 637 F. App'x 686, 688 (3d Cir. 2016); *see Dugas v. Hanover Cnty. Circuit Court*, No. 3:08CV72, 2008 WL 4153765, at *3 (E.D. Va. Sept. 5, 2008).

Additionally, to the extent Bey may instead be attempting to remove his criminal cases pursuant to 28 U.S.C. § 1441 based on federal question or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332, he cannot do so, as § 1441 only applies to the removal of civil cases. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any **civil** action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added). Additionally, the federal question statute applies to civil (not criminal) cases. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all **civil** actions arising under the Constitution, laws, or treaties of the United States.") (emphasis added).

Bey does not appear to be asserting diversity jurisdiction and even if he does, the diversity statute does not apply to criminal actions. *See* 28 U.S.C. § 1332 ("The district court shall have original jurisdiction of all **civil** actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state....") (emphasis added). Again, the cases Bey is attempting to remove are criminal, not civil, actions. Moreover, diversity of citizenship is lacking and even if there is diversity, this case may not be removed because Bey is a citizen of the state in which the action was brought (South Carolina). *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

5

Although Bey initially filed both a notice of removal and a complaint form, he clearly intended this as a removal action as he initially filed a notice of removal stating that he was removing a state criminal case to this Court, the relief sought on the complaint form includes removal of the state claim into this Court (requesting "Article 3 Jurisdiction"), he filed a cover letter with his initial filings in which he appears to be removing a state court criminal case (*see* ECF No. 1-2), he later filed an amended notice of removal (which did not include a complaint), and he filed notices of removal in each of the two state court criminal cases. Additionally, to the extent Bey is attempting to assert a civil counterclaim or defense as a basis for removal or to bring a § 1983 case to assert counterclaims in his criminal cases, he may not do so. *See Connecticut v. Parks*, No. CIV.A 3:09-R-1(JCH), 2009 WL 3248654, at *2 (D. Conn. Oct. 5, 2009) (noting that Parks could not bring a civil counterclaim, under § 1983 or any other statute, as part of the criminal case); *South Carolina v. Guidetti*, No. CA 6:11-3365-HMH-JDA, 2011 WL 6979991, at *2 (D.S.C. Dec. 20, 2011), *report and recommendation adopted*, 2012 WL 78793 (D.S.C. Jan. 10, 2012) (remanding state criminal case and noting that the defendant could not assert counterclaims under 42 U.S.C. § 1983 or any other statute as part of his traffic court case); *see also North Carolina v. El-Bey*, No. 5:10-CV-246-FL, 2010 WL 3860392, at *2 (E.D.N.C. Sept. 28, 2010) (noting that the defendant presumably sought removal of her criminal case because she intended to raise a federal defense that was not a proper basis for federal jurisdiction). Thus, if Bey is attempting to file a federal civil claim against the State of South Carolina, CCPD, McPherson, and/or Roberts, he must file any such claims as a new civil action, independent of the state criminal cases he has purportedly removed.

Even if this Court were to consider this lawsuit as a § 1983 action, the complaint would be subject to summary dismissal. Bey is requesting relief of removal of his criminal cases which, as discussed above, he may not do. He is also requesting that this Court intervene in his pending

6

criminal cases, which this Court cannot do. Federal courts, absent extraordinary circumstances, are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. Bey may raise claims about a pending criminal charge in the state court. Any claim seeking injunctive or declaratory relief related to the criminal proceedings is barred under the *Younger* doctrine.

In his request for relief on the complaint form, Bey also asks that this Court "issue an injunction clarifying [his] political, economical, and social status based on [his] inalienable right to self-determination and social improvement, in order to prevent future problems with police officers." ECF No. 1 at 6. It is unclear what basis Bey asserts that would allow such relief. Moreover, to the extent Bey is seeking mandamus relief pursuant to 28 U.S.C. § 1651, such a request is legally frivolous. Federal courts have no general power to compel action by state courts. *See In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) (no jurisdiction to issue a writ of mandamus directing state court to issue order vacating the litigant's state misdemeanor convictions); *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

A writ of mandamus is a drastic remedy which is infrequently used by federal courts and is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley*, 411 F.2d at 587–88 & nn. 2–4. Additionally, a federal district court may generally issue a writ of mandamus only against an employee or official of the United States. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275–76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a

7

state to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (collecting cases); *In re Carr*, 803 F.2d 1180, 1180 (4th Cir. Oct. 24, 1986). *In Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988), the Court of Appeals for the Second Circuit ruled that "[f]ederal courts have no general power to compel action by state officials[.]" *Id.* at 74; *see also Craigo v. Hey*, 624 F. Supp. 414, 416 (S.D.W.Va. 1985). Because Bey is attempting to bring claims against only state and local (not federal) entities and officials, mandamus relief is not available.

Because Bey fails to establish that this Court has jurisdiction over these matters, the removed criminal cases should be remanded back to the Charleston County Court of General Sessions. *See* 28 U.S.C. § 1455(b)(4); *see also North Carolina v. Dupree*, 521 F. App'x 181 (4th Cir. 2013) (finding district court lacked subject matter jurisdiction over removal of state criminal prosecution because defendant did not make the requisite showing for removal under § 1443, and thus, remand to state court was appropriate); *Virginia v. El*, 2016 WL 4507814, at *3 (collecting cases).

### III.    RECOMMENDATION

Based on the foregoing, it is recommended that the removed criminal actions (case numbers 2024A1010203772 and 2022A1010207174) be remanded to the Charleston County Court of General Sessions pursuant to 28 U.S.C. § 1455.

**Bey's attention is directed to the important notice on the following page.**

_____
Molly H. Cherry
United States Magistrate Judge

October 10, 2024
Charleston, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).